## DINGLE v. SWAIN.

1. PRACTICE IN SUPREME COURT — WHEN ANSWER TREATED AS WAIVER OF DEMURRER.— When on writ of error the waiver discloses only a complaint, demurrer to the same, and an answer, but there is no record of any proceedings had upon the demurrer, an assignment of error, based on its being overruled, cannot be considered, as the answer must in such case be treated as a waiver of the demurrer.

2. SAME — INSUFFICIENCY OF A GENERAL ASSIGNMENT OF ERROR.— A general assignment of error to the effect that the court erred in the admission and rejection of testimony will not be considered on writ of error.

3. SAME — UNCERTIFIED JOURNAL ENTRIES IN RECORD.— Where on writ of error the verdict appears only in an uncertified copy of the journal entries of the proceedings in the case, it cannot be deemed a part of the record under rule 8 of the supreme court requiring the clerks of inferior courts to certify to the supreme court the pleadings of the parties, the verdict in jury trials, the judgment, all orders made in the cause, and the bill of exceptions.

*Error to District Court of Arapahoe County.*

This action was brought by defendant in error to recover damages claimed to have been sustained by him on account of certain criminal prosecutions alleged to have been maliciously instituted against him by plaintiff in error.

A trial by jury resulted in a verdict for defendant in error for $1,000 damages, upon which judgment was duly entered February 23, 1886. A review of this judgment is sought in this court. The case was first docketed as an appeal. Subsequently the appeal was dismissed for failure to properly serve notice of appeal, and for other irregularities. Thereupon the record was withdrawn by leave of the court, and thereafter filed upon error. The return to the writ of error consists of the identical papers filed upon the appeal, with no change except in the title of the cause.

Messrs. T. C. Early and W. B. Felker, for plaintiff in error.

Messrs. Patterson & Thomas and Chas. Hartzell, for defendant in error.

Per Curiam. It is insisted by counsel for defendant in error that the record in the case is so defective as to confer no jurisdiction upon this court to review the errors assigned.

In considering this objection it will be necessary — *First*, to ascertain what is sought to be reviewed by this court; and *second*, to inspect the record itself, and determine whether the objection to such review is well founded.

The only errors which are specifically pointed out are: "(1) That the court erred in overruling the demurrer to the complaint. (2) That the court erred in overruling the defendant's motion for a new trial. (3) There is no sufficient evidence to justify or support the verdict in the case."

The other assignments are general in statement, and are to the effect that the court erred in the admission and rejection of testimony, in the instructions, and that the verdict was against the law and the evidence.

Defendant in error claims that no one of these assignments can be considered by this court, because — "*First*, that the record nowhere shows the overruling of a demurrer to any part of the complaint; *second*, that there is no proper bill of exceptions in the files; *third*, that there is no assignment of error upon which the admission or rejection of testimony can be considered by this court."

For the purposes of this case, it is unnecessary to define the office of a writ of error. It is sufficient to say that it is in the nature of process, and that by its express terms the clerk of the court to which it is directed is required to transmit to this court, "with all convenient dispatch, a true copy of all of the proceedings therein, together with a complete and perfect transcript of the record and proceedings of the suit aforesaid, with all things concerning the same, distinctly and openly under the seal of your court, together with this writ," etc.

This mandate of necessity requires that the return to the writ should be a complete and authenticated record, not only of the judgment sought to be reviewed, but of everything properly made a part of the record by the court below. This office in the proceeding is performed by a transcript of the record, duly certified by the clerk of the inferior court, and attested by the seal thereof. In the absence of statute, or of rules of this court modifying the practice, the return to the writ must be a full and complete response to the mandate above quoted.

The writ in this case was issued in 1886. By the first rule of this court then in force a substitute for a formal return to the writ by the clerk was provided for in this language: "In any case where a transcript of the record, duly certified to be full and complete, has been filed, or may hereafter be filed, in the office of the clerk of this court, before the issuance of a writ of error, it shall not be necessary, except in a case where a *supersedeas* may be allowed, to deliver such writ to the clerk of the inferior court, but the same may be filed in the office of the clerk of this court; and such transcript so filed with the clerk of this court shall

be taken and considered to be a due return of said writ of error."

Under the rule it is clear that none of the formalities required by the writ itself could be omitted, except, perhaps, by order of this court in a particular case. Again, rule 8, which defines the duties of clerks of inferior courts in relation to the transcript of the record, expressly requires them "to certify to this court a copy of the process with the return thereto, the pleadings of the parties, the verdict in jury trials, the judgment of the court below, all orders of the court, and the bill of exceptions."

It is manifest that the requirements of these two rules, either upon an actual or substituted return to the writ, could be answered only by a record complete in all respects, and duly authenticated by the certificate of the clerk, under the seal of the court.

At the time the writ of error in this case was issued the practice and procedure of this court in such cases was substantially, if not entirely, governed by its rules; there being nothing in the Code of 1879 which related to the practice, and the act of 1885 having no relation thereto, being confined in its operation to appeals alone.

An examination of what purports to be the record in this case discloses that the same is made up of three separate papers. The first is a duly-certified copy of what is termed an order of judgment, together with a copy of the appeal bond, which was filed upon the appeal. This paper was undoubtedly made as required by the provisions of the act of 1885, and, when the appeal was dismissed, was withdrawn and filed as a part of the record in this case. The second paper consists of what appears to be an uncertified copy of the journal entries of the court below, made during the progress of the trial, together with a copy of the verdict, the motion for a new trial, and the order overruling the same. The third consists of the original bill of exceptions, properly authenticated, as filed in the court below.

To the bill of exceptions, copies of the complaint, demurrer and answer are attached.

It is contended that this court cannot consider the bill of exceptions for the reason that it is the original instead of the transcript thereof, and should have remained upon the files of the court below under the practice in force at the time this writ of error was taken. It is unnecessary to determine the question thus raised in view of the defects in this record, which would prevent the consideration of appellant's assignments of error, even if this bill of exceptions should be treated as a proper bill of exceptions in this case.

The first assignment of error is that the court erred in overruling the demurrer to the complaint. It is sufficient to say that there is nothing in the case to show that the demurrer was overruled. We have simply the complaint, a demurrer, and an answer. There is no record of any proceeding had upon the demurrer at all. The filing of this answer to the same cause of action, under the circumstances, must be treated as a waiver of the demurrer. The error assigned as to the admission and rejection of testimony is too general to be considered.

The instructions of the court appear in the bill of exceptions, but it is expressly stated therein "that the parties did not object to them, nor any of them." It is also alleged for error that the verdict is against the weight of the evidence. The verdict, however, does not appear in any of the papers certified into this court. In addition to this, no objection appears to have been made or exception taken to the judgment as entered; and there is no irregularity upon the face of the judgment which the court is asked to consider.

Although it is clear that upon the case as presented by the plaintiff in error he is not entitled to ask this court to consider any of the errors assigned, we have examined the evidence with some care, and find the same amply sufficient to support the judgment. The judgment must be affirmed.

*Affirmed.*

Mr. Justice Elliott, having presided at the trial below, did not sit in this case.