[No. 8040.]

RICE v. THE PEOPLE.

1. CRIMINAL LAW—*Information—Several Counts*—It is proper to unite in one information counts charging an assault, an assault with a deadly weapon with intent to do bodily injury, and an assault with intent to commit murder, where all refer to the same transaction.

2. ——*Evidence—Competency*—To the rule that in the trial for one offense, evidence of another and different offense, or act, is not admissible is the exception, among others, that the evidence is admissible when the former offense or act tends to prove a design or purpose on the part of the accused which he probably accomplished or sought to accomplish in committing the offense charged. Information for an assault upon one S., with intent to murder. The evidence for the accused was to the effect that he appeared upon the scene only after another had assaulted S., and that his entire conduct was that of a peace-maker.

But the prosecution gave evidence that the accused came upon the scene with firearms, and applying a vulgar epithet to S., exhorted his assailant to "stamp him to death"; that he stopped the fight only because he saw two other men approaching, and shortly thereafter declared "this has been running seven years, and we finished it in fifteen minutes".

In view of the latter testimony it was held not improper to receive evidence that some seventeen months before the occurrence the accused tried to procure an assault to be committed upon S.

3. WRIT OF ERROR—*Harmless Error*—An instruction that one is presumed to intend the natural consequences of her acts, and which applies that presumption to word spoken by the accused is not prejudicial, where the conviction is for an offense, which, the word manifestly tended to incite.

4. ——*Harmless Error.* The admission of evidence having no probative value or effect is harmless.

——*Conviction on Sufficient Evidence*—Though contradicted will not be disturbed.

5. ——*Plaintiff must Assign Error*—The court will not consider an error not assigned. Though the judgment complained of is void

the court will not vacate it of its own motion, where the opposing party insists that the judgment shall stand.

6. ——*Judgment in Excess of Statute*—The conviction being for an assault and battery only, and both a fine and imprisonment being imposed, while the statutory imposition was in the alternative, *held* that if the accused should pay the fine he could not afterwards be imprisoned.

*Error to Logan District Court.*—Hon. H. P. BURKE, Judge.

Messrs. MUNSON & MUNSON and Messrs McCONLEY & HINKLEY, for plaintiff in error.

Hon. FRED. FARRAR, Attorney General, Mr. CLEMENT F. CROWLEY, Assistant Attorney General, for The People.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

The defendant in error was convicted of assault and battery in the district court. The information charged, in four counts, mayhem, an assault, an assault with a deadly weapon with intent to commit bodily injury, and an assault with intent to commit murder on one Shaeffer. The charge of mayhem was withdrawn by the court from the jury and will not be considered in the case. The defendant filed a motion to require the people to elect upon which count of the information they would proceed. This motion was overruled, and the action of the court in that behalf is assigned as error.

These different counts related to the same transaction as appears from the evidence. They related to one fight that took place, and were not several and distinct offenses, but arose from the same transaction or offense charged to have been committed in different ways for the purpose of meeting the evidence. The defendant could not have been guilty of more than one. No error was

committed in overruling the motion to elect.—*Bergdahl v. The People,* 27 Colo. 302, 61 Pac. 228; *Kelly v. The People,* 17 Colo. 130, 29 Pac. 805; *White v. The People,* 8 Colo. App. 289, 45 Pac. 539.

The evidence showed that a son of the defendant, and one Shaeffer began to quarrel, and thereupon one Walker, who was with the son, took the matter up and became engaged in a fist fight with Shaeffer. While the fight was going on the defendant came up. He did not touch Shaeffer, and very soon after he arrived he stopped the fight. Thus far there is no conflict in the evidence. Evidence for the people was to the effect that Walker, without provocation, struck Shaeffer and began the fight; that when the defendant came up he said, applying a vulgar epithet to Shaeffer, "kill him; stomp him to death," and came towards the combatants with a gun; that he then stopped the fight because he saw two other men approaching, and that very shortly after the fight the defendant said, "This has been running for seven years; we finished it in fifteen minutes. Shaeffer is whipped and owned up to it." The evidence for the defendant was to the effect that the defendant came up and immediately stopped the fight, and that he said nothing and did nothing to encourage it. Over the objection of the defendant, a witness was permitted to testify that about seventeen months before the fight the witness was herding cattle for the defendant, and that the latter told the witness to kick Shaeffer's head off, and tried to hire him to commit an assault on Shaeffer. The witness also related later conversations that he had with the defendant.

It is a general rule, applied with considerable strictness, that in a trial for one offense evidence of another independent offense or act is inadmissible. To this rule, however, there are some well defined exceptions, among which may be mentioned an instance when the former

offense or act tends to prove a design or purpose on the part of the defendant which he likely carried out by committing the offense charged.—*Jaynes v. People,* 44 Colo. 535, 99 Pac. 325, 16 Ann. Cas. 787; 1 Wigmore on Evidence, Sec. 304.

The evidence objected to tended to prove that the defendant had it in his mind to have Shaeffer assaulted and for that purpose had attempted to influence the witness. Now if that was the defendant's purpose it was probably true that he encouraged and aided the assault by saying and doing what the people's witnesses said he did, when he came to where the fight was in progress. This view is strengthened somewhat by the other evidence which tended to prove that the fight had settled in fifteen minutes what had been going on between Shaeffer and the defendant for seven years. This last mentioned evidence also removes the objection that the matter detailed by the witness, relative to his assaulting Shaeffer, was too remote in time from the offense charged, for if it is true that the strife between Shaeffer and the defendant had been going on for seven years, seventeen months was well within that time. From the foregoing considerations, it seems plain that the evidence objected to was admissible.

There is no instruction set out in the abstract relative to the law of principal and accessory, and hence we are unable to say that any error was committed in the instruction if any was given.

Objection is made to an instruction to the effect that every person is presumed to intend the natural and ordinary consequences of his acts and "this presumption applies likewise to words and gestures." The contention is that the presumption does not apply to words and gestures, for, as said, men may use words that literally may mean one thing, and which were intended and understood to mean another. However this may be, if

there was any error in this instruction, it was not prejudicial to the defendant. There was evidence that he came up during the fight and encouraged its continuance by saying, "kill him; stomp him to death," and that he made some demonstration with a gun. Now, the jury were bound to presume from this conduct, if they believed the testimony, that the defendant intended at least to encourage an assault or assault and battery upon Shaeffer. He could not have meant thereby that the fight should cease. He was acquitted of an assault with a deadly weapon with intent to commit bodily injury and of an assualt to commit murder. He was convicted of assault and battery only. He certainly intended that much by the words and gestures attributed to him by the witnesses, and as the instruction did not bring about a result greater than his words and gestures, if used, must at least have implied, he was not prejudiced.

The objection to a remark made by the prosecuting attorney while addressing the jury is not deemed of sufficient merit to warrant a serious consideration.

Over the objection of the defendant, a witness was permitted to testify, in rebuttal, that during the afternoon, sometime after the fight, the defendant told Walker to assault the witness. Why this evidence was offered and admitted cannot be imagined. It had no probative value. It rebutted nothing offered by defendant. It added nothing to the testimony of the people. On the other hand, it detracted nothing from the testimony for the defendant. It seems so useless in purpose and effect that it would be ill advised for a court to say that it might have prejudiced the defendant.

The final assignment of error is that the evidence did not warrant the verdict. To uphold this assignment would be to invade the province of the jury. It is true that under a certain view of the evidence they could

have well acquitted the defendant—under another, they could have convicted him. The jury saw fit to render the verdict they did. This court cannot inquire into their action in the state of the evidence.

In the reply brief, the defendant, for the first time, raises the point that the judgment provides for a fine of one hundred dollars and imprisonment for thirty days, while section 1659 Rev. Stat. 1908 says that the punishment for assault and battery shall be imprisonment in the county jail not exceeding six months, or a fine not exceeding one hundred dollars. In the oral argument, the Attorney General insisted that the defendant could not object to the judgment on this account because it was not assigned as error, and an examination of the assignment of errors reveals nothing that would include this objection. The statute, as well as the rules of this court, contemplate that a plaintiff in error shall make and file an assignment of errors relied on for the reversal of a judgment, and as the defendant in error insists that this be observed in the present instance this court cannot ignore the statute and the rules. Defendant says that the judgment is void, and on that account this court should set it aside of its own motion. If it is void he has nothing to fear from it, so that affords no reason for this court to voluntarily interfere when the other party to the judgment insists that it shall stand as it is. If the judgment is not void, certain it is that the defendant can not be made to suffer two punishments for an offense when the law prescribes but one, so that if the defendant shall pay the fine imposed, and the law is that he shall be punished by fine or imprisonment for the offense of which he has been convicted, he can not be made to suffer imprisonment also. Thus the defendant would be benefited by the judgment as rendered, for had but one punishment been inflicted it is likely that the additional burden intended

by the maximum fine would have been shifted so as to increase the term of imprisonment. So that, from his own viewpoint, the defendant has no reason to complain of the judgment as rendered whether void or not, and as the defendant in error wants it as it is, and the state of the record will not permit this court to interfere, it must so remain.

As no prejudicial error appears in any of the errors assigned for reversal, the judgment is affirmed, but its affirmance shall in no wise be taken to give it validity, if it is invalid, nor in any manner change its force and effect, as rendered.

*Judgment affirmed.*

Decision *en banc.*