## No. 9954.

## GIACOMOZZI v. THE PEOPLE.

Decided July 3, 1922.   Rehearing denied October 2, 1922.

Plaintiff in error was convicted of murder.

### *Affirmed.*

1.  CRIMINAL LAW—*Information—Joint or Several.*  Where two persons are charged with the prosecution of a felony, it is within the discretion of the district attorney whether they be charged jointly in one information, or separately.

2.       *Change of Venue—Prejudice.*  The granting or refusing of a change of venue on the ground of prejudice of the inhabitants, rests generally in the sound discretion of the court.

3.       *Sufficiency of Evidence.*  The contention that the evidence is insufficient to support the verdict, overruled.

4.  APPEAL AND ERROR—*Instructions—Approved by Defense.*  Assignments of error based on instructions given in a criminal case which were specifically approved by the defense, will not be considered.

5.  CRIMINAL LAW—*Instructions—Inference.*  Instruction reviewed and held not open to the objection that it permitted argument to, or inference by the jury, that the defendant was guilty, because another person engaged in the same transaction had been convicted.

6.  APPEAL AND ERROR—*Evidence.*  Assignments of error cannot be predicated on objections to testimony which was excluded on the trial.

7.  CRIMINAL LAW—*Misconduct of Officials.*  Record held not to support the charge of misconduct on the part of officials engaged in the prosecution of a criminal offense.

8.  ADJUDICATED QUESTIONS—*Criminal Law—Duty of Trial Judge.*  See *Morletti v. People*, No. 9785.

*Error to the District Court of San Miguel County, Hon. Thomas J. Black, Judge.*

Mr. M. J. GALLIGAN, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, Mr. L. W. ALLEN, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error (defendant below and hereinafter so designated) was convicted of murder in the first degree and sentenced to life imprisonment. To review that judgment he brings error.

This is a companion case to No. 9785 this day affirmed. 209 Pac. 796. Defendant is the Giacomozzi therein mentioned. He was informed against in the same way and tried for the same murders as was Morletti and found guilty of each.

The principal contentions here made are: 1. That the informations should have been joint instead of several. 2. That defendant's motion for a change of venue should have been granted. 3. That the evidence is insufficient to support the verdict. 4. That the court committed reversible error in instructing the jury. 5. That the prosecution was guilty of reprehensible and prejudicial conduct.

1. Whether the district attorney should have charged these crimes in one information or four was a matter within his discretion. No authority to the contrary has been called to our attention.

2. Defendant moved for a change of venue on the grounds of prejudice of the inhabitants of San Miguel County. Numerous affidavits supporting and opposing this motion were filed. These go generally to the matter of prejudice and are in direct conflict. So far as the supporting affidavits are specific, i. e., charging pernicious activity on the part of officials, etc., they are directly contradicted. The best test of the existence of such prejudice is disclosed by the examination of jurors. The record before us is silent on that subject. The granting or re-

fusing of such a change rests generally in the sound discretion of the court. *Power v. People,* 17 Colo. 178, 28 Pac. 1121. No abuse of that discretion here appears.

3. In the instant case defendant testified in his own behalf. His story of the tragedy corresponds in general with that of Morletti in No. 9785. Kochever also testified in this case, but it appears from the testimony of several of the people's witnesses that he had theretofore given an account of the occurrence at the mine materially different in numerous particulars from that given on the stand, and apparently the jurors gave him no credence. Otherwise the evidence in this case is substantially that given in No. 9785. What we there said on this point is here adopted. For a full understanding of the situation the two opinions should be read together. This verdict is as persuasive as a second verdict in the same case. It forecloses doubt as to the sufficiency of the evidence.

4. Twenty-two instructions were given the jury. The last of these relates only to the forms of verdict submitted. Assignment No. 18, alleges error in each of the others. With the exception of No. 18, they were all specifically approved by the defense. For that reason the objections now urged to them are entitled to no further notice. We have, however, examined each and find no reversible error therein. Generally speaking they are favorable to defendant.

Instruction No. 16 was objected to on the ground that it permitted argument to, or inference by, the jury that Giacomozzi was guilty because Morletti had been convicted; that it tended to confuse the jury, and was unwarranted by the evidence. The instruction reads:

"The court further instructs the jury as a matter of law that if two or more persons are engaged in the prosecution of a felony, acting in concert and with a common purpose the acts of each in the prosecution of such felony are binding upon all and all are equally responsible for the acts of each in the prosecution of such felony."

The proposition of law thus stated is correct. No infer-

ence of defendant's guilt was thereby authorized because of the conviction of Morletti, unless from the evidence in this case the jury first found that the two defendants had been "engaged in the prosecution of a felony, acting in concert and with a common purpose." There was nothing in the instruction to confuse the jury and it was most assuredly justified by the evidence.

5. The conduct of the prosecution complained of is: (a) That mentioned in the second paragraph of the opinion in the Morletti case; (b) the obtaining of a number of repudiating affidavits from persons who had first made affidavits in support of the change of venue. The first proposition is disposed of in this case by the fact that the court excluded all evidence of statements made by this defendant on his visit to the scene of the crime accompanied by the officials and a stenographer. As to the second, whatever may be said of the inexplicable and inconsistent statements of the witnesses, the record discloses nothing reprehensible in the conduct of the prosecution. The brief of counsel for defendant also contains loose statements about "scaring and intimidating witnesses," "the officials hired detectives and perhaps reward seekers," "to weave a web around the accused to trap them," "hired sleuths," "reward seekers," "ambitious prosecutors after glory," none of which are supported in the slightest particular by anything contained in this record.

The defendant is represented here by counsel who did not participate in the trial. What we have said in closing the opinion in No. 9785 is peculiarly applicable in the instant case. No prejudicial error is disclosed by this record. The case must stand or fall upon its facts. The facts were, in the first instance for the jury, and thereafter, on motion for a new trial, for the court. We must assume that they were correctly determined.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.

MR. JUSTICE TELLER sitting as Chief Justice.