## No. 10,710.

## PATTON *v.* THE PEOPLE.

Decided November 5, 1923.   Rehearing denied January 7, 1924.

Plaintiff in error was convicted of murder.

### *Affirmed.*

### On Application for Supersedeas.

1. ,APPEAL AND ERROR—*Assignments—Consideration.*   The Supreme Court is not required to consider on review questions not mentioned in, nor covered by an assignment of error.

2. *Conflicting Evidence.*   A verdict based on conflicting testimony, which is sustained by the evidence, will not be disturbed on review.

3. CRIMINAL LAW—*Change of Venue.*   The granting or refusing of a change of venue on the ground of prejudice of the inhabitants, is in the discretion of the trial court, and no abuse of discretion appearing, its ruling will not be disturbed on review.

4. WITNESSES—*Impeachment—Conviction of Misdemeanor.*   For the purpose of affecting his credibility, evidence showing that a witness has been previously convicted of a misdemeanor is admissible.

5. CRIMINAL LAW—*Witnesses—Endorsement on Information.*   An assignment of error based upon the admission of the testimony of a witness whose name was not endorsed on the information, will not be considered on review, where no objection covering the assignment was made in the trial court.

6. EVIDENCE—*Physician and Surgeon.*   A commissioned surgeon of the United States army is not required to have a license to practice medicine in Colorado, and in the trial of a criminal case it is held that it was not error to admit in evidence the testimony of such a surgeon.

7. NEW TRIAL—*Newly Discovered Evidence.*   In the instant case, on a review of the record, it is held there was no error in the refusal of the court to grant a new trial on the ground of newly discovered evidence.

8.  APPEAL AND ERROR—*Assignments of Error.* Assignments of error which are not sufficiently specific to comply with the requirements of Supreme Court rule No. 32 of the revision of 1924, will not be considered on review.

9.  CRIMINAL LAW—*Exclusion of Evidence.* Evidence of an occurrence in a restaurant shortly before the homicide, held properly excluded under the circumstances disclosed in the case under consideration.

10.  *Threats.* In a homicide case, evidence concerning threats against the defendant, made by a person other than the murdered man, held properly excluded.

11.  APPEAL AND ERROR—*Limiting Argument.* In a criminal case, an objection based upon the action of the trial court in limiting argument of counsel to the jury, cannot be raised for the first time in the motion for a new trial.

12.  *Objections not Made in Apt Time.* Objections not made in the trial court in apt time, will not be considered on review.

*Error to the District Court of Arapahoe County, Hon. Samuel W. Johnson, Judge.*

Mr. FRANK D. TAGGART, for plaintiff in error.

Mr. RUSSELL W. FLEMING, Attorney General, Mr. HAROLD CLARK THOMPSON, Assistant, for the people.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE plaintiff in error, William Patton, hereinafter designated the defendant, was convicted of the crime of murder of the first degree, and sentenced to imprisonment for life.

The defendant brings the case here on writ of error and asks that the same be made a supersedeas.

The thirty-seven assignments of error are copies of the grounds set forth in defendant's motion for new trial in the court below. There is no assignment of error based upon the action of the court in overruling defendant's motion for new trial. We are not required to consider, on review, questions not mentioned in, nor covered by, an as-

signment of error. *Hicks v. Pack, Lock Bolt Co., et al.,* 72 Colo. 480, 481, 211 Pac. 371; *Rice v. People,* 55 Colo. 506, 511, 136 Pac. 74; *Pettit v. Mayhew, et al.,* 43 Colo. 274, 276, 95 Pac. 939.

However, we have examined the record with great care, and find no error requiring a reversal of the case. The principal contentions of defendant are:   (1) That the evidence was wholly insufficient to convict defendant of murder of the first degree, in that the evidence failed to show malice, deliberation, and premeditation.   (2) That the court erred in refusing to grant the defendant a change of venue.   (3) That the court erred in the admission and rejection of testimony.   Other errors complained of will be noticed in the course of this opinion.

The evidence shows that defendant and two brothers became engaged in a fight at Logantown with three soldiers from Ft. Logan, Fields, Meeter and Menschew, the deceased. The fight lasted, in all, about twenty minutes, but during its progress a lull occurred when the defendant and deceased shook hands and the trouble seemed to have ended. A few moments later the fight was resumed and it was during this part of the fighting that defendant shot Menschew with a .45 calibre revolver, killing him instantly. In the early part of the fight defendant hit the deceased over the head with the revolver. There is evidence that immediately after the shooting defendant said "that is the way we get rid of those kind of men." The defendant, at the trial, contended that he shot Menschew in self defense, and there is evidence that the deceased and Meeter were pursuing defendant and that he was trying to get away. The evidence was conflicting but, after a thorough examination of all the evidence, we find there was ample to sustain the verdict and we cannot disturb it.

Defendant assigns error on the refusal of the court to grant him a change of venue, but the record discloses that he saved no exception, at the time, to the ruling. The court, however, committed no error in refusing to grant

the change. The granting or refusing of a change of venue on the ground of prejudice of the inhabitants is in the discretion of the trial court, and it does not appear that the court abused its discretion. *Giacomozzi v. People,* 72 Colo. 13, 209 Pac. 798.

Defendant contends that the court erred in admitting evidence, for the purpose of affecting his credibility as a witness, that defendant had previously been convicted of a misdemeanor. This question has been decided by this court adversely to the defendant's contention. *Hoffman v. People,* 72 Colo. 552, 558, 212 Pac. 848.

The defendant insists that the court erred in admitting the evidence of Lewis T. Reiter, who was called as a rebuttal witness, because his name had not been endorsed on the information. It is sufficient to say that no objection whatever appears to have been made by the defendant, at the time this witness was called to the stand, nor was any objection made to any part of his testimony, on the ground that his name had not been endorsed upon the information, nor was the court's attention, in any manner, called to the fact that his name was not so endorsed. Manifestly we cannot consider this assignment of error.

There was no error in admitting the evidence of the witness Quinnell. The evidence shows that Quinnell was a regularly licensed and practicing physician and surgeon; also that he was a commissioned surgeon in the United States army, and as such was not prohibited from performing his lawful duties in this state. He was not required to have a license to practice medicine in Colorado. Compiled Laws 1921, section 4537.

The defendant complains that the court erred in not granting him a new trial on the ground of newly discovered evidence. Under the showing made, even if we consider the affidavits of Fordham and Taggart as part of the record, which they are not, the court did not err in refusing to grant defendant a new trial on that ground. There was no sufficient showing of diligence. The affidavit of Weinstein in support of that ground of the motion states, among

other things, that a day or two previous to the killing, Menschew said to Weinstein "that he was going to kill the man who had had an argument over a punch board and a knife and affiant has since been informed that the man referred to was the defendant in this case." It cannot be said from the evidence offered in support of this ground of the motion, that it would probably produce a different result at a second trial. At the time of the trial there was no application made for a continuance, by the defendant, on the ground of the absence of Fordham, nor was there any effort made, pursuant to Compiled Laws 1921, sections 7084-7086, to procure his deposition. Defendant had known from the affidavit of Fordham for some time previous to the trial what his evidence would be.

Assignments of error 6 and 7 are not sufficiently specific. They do not comply with the requirements of rule 31 (New Rules No. 32) of this court and they cannot be considered. *Dingle v. Swain,* 15 Colo. 120, 124, 24 Pac. 876; *Andrew v. Carpet Co.,* 72 Colo. 472, 474, 211 Pac. 378.

The defendant alleges error because the court excluded evidence of what transpired in the restaurant shortly before the commencement of the fight which finally resulted in the killing of Menschew. There was no error in rejecting this testimony. The defendant was not present in the restaurant at the time, nor was information conveyed to him which could have served as an excuse, in any way, for what followed later on. The only information given him was, that his wife had been insulted, but what the nature of the insult was, he was not informed. In any event, if it could have served as an excuse for a fight, it could not have justified defendant in taking the life of Menschew. Furthermore after he had been informed of the insult to his wife, and after the fighting had progressed for some time, he and the deceased shook hands, and for the moment appeared to have become friends. The defendant's own testimony given at the coroner's inquest shows that he had entertained no ill feeling toward the deceased, and that he

could not imagine, what, if anything, the deceased had against him.

The defendant contends that the court erred in refusing to admit evidence to show that threats were made against defendant in the pool room during the afternoon preceding the fight. There was no error in the exclusion of this testimony, for the reason that the deceased was not the person who made the threats.

Assignments 30, 31, and 32, are based upon the action of the trial court in limiting the arguments of the attorneys to the jury. No objection was made by defendant at the time, to the action of the court in this respect, and the objection cannot be raised for the first time, in the motion for new trial.

Assignments of error 13 and 33 refer to the mental condition of defendant at the time of the trial. This question was not presented to the trial court at that time.

The defendant complains that he was denied the right of counsel at the coroner's inquest. The inquest was held nearly two months before the trial and this objection was raised for the first time in the motion for new trial.

The other assignments of error do not merit our consideration.

Finding no reversible error in the record the supersedeas is denied, and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.