## No. 10,915.

### SHEPHERD *v*. THE PEOPLE.

Decided April 7, 1924.

Plaintiff in error was convicted of larceny.

*Affirmed.*

#### On Application for Supersedeas.

1. APPEAL AND ERROR—*Appellate Practice.* Assignments of error based on the admission and rejection of evidence, will not be considered where there is no compliance with Supreme Court rule 32.

2. *Exhibits.* An assignment of error based on the refusal of the trial court to admit an offered exhibit in evidence, will not be considered where the exhibit is not set out in the bill of exceptions.

3. *Presumptions.* On review all presumptions are in favor of the rulings of the trial court.

4. *Harmless Error.* Where an offered exhibit is rejected, the ruling, if erroneous, will be held harmless in the absence of any showing of prejudice to the complaining party.

5. Criminal Law—*Larceny.* Evidence reviewed and held to establish the guilt of defendant of larceny as bailee.

6.     *Sentences—Different Counts.* · The contention in a criminal case, that the court erred in sentencing defendant on each of the counts of the information, overruled, the sentences running concurrently and defendant suffering no additional punishment by reason of the different sentences.

*Error to the District Court of the City and County of Denver, Hon. James L. Cooper, Judge.*

Mr. Bert Martin, for plaintiff in error.

Mr. Wayne C. Williams, Attorney General, Mr. Joseph P. O'Connell, Assistant, for the people.

*Department Three.*

Mr. Justice Sheafor delivered the opinion of the court.

The plaintiff in error, herein designated as defendant, was convicted upon three counts of the information filed against him; the first count charging grand larceny, the second count charging larceny as bailee, and the third count charging the obtaining of money by means of the confidence game. The sentence imposed upon the defendant was not less than 18 months, nor more than two years, upon each count of the information, the sentences to run concurrently. The defendant brings the case here for review and applies for a supersedeas.

The defendant's third and fourth assignments of error relate to the admission and rejection of evidence. These assignments cannot be considered because not in compliance with rule 32 of this court. *Dingle v. Swain,* 15 Colo. 120, 124, 24 Pac. 876; *Andrew v. The Benight-Latcham Carpet Co.,* 72 Colo. 472, 474, 211 Pac. 378; *Patton v. People,* 74 Colo. 322, 221 Pac. 1086.

The defendant also assigns as error that the court refused to admit in evidence exhibit No. 1. This exhibit does not appear in the bill of exceptions. In order to have the action of the court in this respect reviewed, the exhibit should have been set out in the record. All presumptions

are in favor of the rulings of the trial court, and where a document offered in evidence is rejected, and it is not set out in the bill of exceptions, we must presume that it was incompetent, and that it was not erroneously rejected. *State v. Van,* 44 Mont. 374, 120 Pac. 479; 17 C. J. p. 174; *Williams v. State,* 127 Ind. 471, 26 N. E. 1082; *Musser v. State,* 157 Ind. 423, 441, 61 N. E. 1; *State v. Hathaway,* 115 Mo. 36, 45, 21 S. W. 1081.

Moreover, the defendant does not appear to have been harmed by the rejection of the exhibit. He was permitted to testify that Mrs. Alwert had listed her property with him, and that the exhibit was a memorandum of the listing entered by himself at the time Mrs. Alwert gave him the property for sale. Mrs. Alwert flatly contradicted his testimony, testifying that she never listed the property with him.

The defendant also contends that the evidence was not sufficient to justify defendant's conviction of any offense charged in the information; that if he was shown to be guilty of any offense, it was that of obtaining money by false pretenses, which was an offense not charged in the information, and that the court should have sustained his motion for a directed verdict.

The defendant further insists that the court erred in sentencing the defendant upon each count of the information. The court did not, we think, err in the respects mentioned. It appears from the evidence that Mrs. Webb was required by the defendant to deposit with him $400 as a pledge of good faith, or a guaranty on her part that she would accept and receive $1,000 which defendant was to procure for her from one G. J. Hill, as a loan; defendant agreeing that when the loan was procured Hill would return to her the $400 and the $1,000 loan. The loan was never effected and she did not receive back the $400. It appears, however, that sometime after the arrest of the defendant, Mrs. Webb did receive back a portion of the $400. The defendant's testimony was very unsatisfactory concerning the transaction and also concerning the exist-

ence and whereabouts of G. J. Hill. In any event Hill appears to have been a very elusive individual as he never could be definitely located at the time Mrs. Webb was to receive the loan. There is evidence that when Mrs. Webb demanded the return of the $400, the defendant became angry, and not only refused to return it, but refused to see her. We think the evidence abundantly established the defendant's guilt of the offense of larceny as bailee. The sentences being concurrent, the defendant was in no wise harmed, or prejudiced, thereby. He suffers no additional punishment by reason of the sentences imposed upon the first and third counts of the information. *Quinn v. People,* 32 Colo. 135, 139, 75 Pac. 396; *Imboden v. People,* 40 Colo. 142, 161, 90 Pac. 608.

The other errors complained of do not merit consideration.

The record disclosing no reversible error, the supersedeas is denied, and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.