No. 17,518.

WILL *v.* THE PEOPLE.
. (278 P. [2d] 178)

Decided December 27, 1954.

Mr. DAVID B. RICHESON, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, for the People.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the Court.

A COMPLAINT was filed in the justice of the peace court charging Lloyd Louis Will with the crime of driving an automobile on the public highways of the State of Colorado while under the influence of intoxicating liquor. He was found guilty, and a fine and jail sentence were imposed. He appealed to the county court, and was there tried by a jury, which returned a verdict of guilty; whereupon the trial court entered an appropriate judgment and imposed a fine and jail sentence. Defendant brings the cause to this Court by writ of error, seeking a reversal of the judgment.

There is no bill of exceptions, but so far as we can determine from the record, the cause was tried in the county court July 27, 1954. On the same day a motion for new trial was filed based upon three alleged errors of the trial court as follows: 1. That the complaint was "erroneous and prejudicial;" 2. the testimony of a witness was incompetent; 3. the sentence was contrary to the law. This motion was denied; a fine of $200.00 was imposed on defendant, and he was sentenced to serve a term of ninety days in the county jail.

We call attention to the fact that there is no proper objection and no exception in the entire record. We find in the record, the "Judge's notes at the trial," dated July 27, 1954, in which there is a summary of the proceedings

at the trial, but no attempt was made therein to set forth any evidence and there is no assignment of error in the record filed in this Court.

Our Rules of Civil Procedure are not applicable to criminal cases as is evident from the following: "Criminal procedure in the supreme court shall be under the practice heretofore existing." Vol. 1, '53 C.R.S., p. 120. Under the practice in criminal cases in this Court, there must be assignments of error. *Rice v. People*, 55 Colo. 506, 136 Pac. 74; *Patton v. People*, 74 Colo. 322, 221 Pac. 1086; *Carr v. People*, 99 Colo. 477, 63 P. (2d) 1221; *Smalley v. People*, 116 Colo. 598, 183 P. (2d) 558. The record must contain objections to evidence or other matters of which a party complains. *Reppin v. People*, 95 Colo. 192, 34 P. (2d) 71; *Bacino v. People*, 104 Colo. 229, 90 P. (2d) 5; *Leech v. People*, 112 Colo. 120, 146 P. (2d) 346; *Wright v. People*, 113 Colo. 224, 156 P. (2d) 123.

It is an established rule in this jurisdiction that the record must disclose exceptions to all adverse rulings of which complaint is made. *Webb v. People*, 97 Colo. 262, 49 P. (2d) 381; *Montgomery v. People*, 117 Colo. 118, 184 P. (2d) 480; *Slocum v. People*, 120 Colo. 86, 207 P. (2d) 970.

The record in this case is fatally defective; in disregard of all rules of criminal procedure, and does not properly present any question for our determination.

Accordingly, the writ of error is dismissed.