No. 19,268.

GILIBALDO FERRERA CARDOZA *v.* PEOPLE OF THE STATE OF COLORADO.
(354 P. [2d] 504)

Decided July 18, 1960.

Plaintiff in error, pro se.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. J. F. Brauer, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

Plaintiff in error, herein referred to as defendant, was sentenced to the state penitentiary for life on conviction of murder. The record discloses that defendant first entered a plea of not guilty and at the trial with the advice and consent of his counsel, a plea of guilty was entered, after due and proper caution on the part of the trial judge. A jury was empaneled to determine the degree of the crime. A verdict of first degree murder was returned, and after motion for new trial was overruled, defendant was sentenced. He brings the case here for review on writ of error.

The motion for new trial was heard solely on the statement that the "verdict is not supported by sufficient evidence, but it is contrary to the evidence."

It is urged that the trial court erred in accepting the plea of guilty and instructing the jury that the defendant had entered such a plea; that the confession of defendant was improperly admitted in evidence and was obtained "through coercion, threats, intimidation and trickery and amounted to the defendant being forced to testify against himself." It is also urged that the court erred in admitting in evidence the testimony of one Vielma, a court appointed interpreter, who officiated at the trial and also interpreted the questions to, and answers given by, defendant in his interrogation by the sheriff's office preliminary to trial. Other grounds are specified which we do not notice, deeming them to be without merit.

Defendant is a Mexican National, apparently unable

to speak, read or write the English language. It is manifest from the record that he voluntarily changed his plea to guilty, which under the statute made it mandatory for the jury to determine the degree of the crime and to fix the punishment in the event it was determined that defendant was guilty of first degree murder.

Suffice it to say that the evidence in the record is abundant to support the verdict. Defendant was duly warned by the trial court with reference to his changed plea, and we see no error in allowing the interpreter to testify, for all the facts to which he testified were admitted by defendant when he took the stand.

None of the matters here urged for reversal were presented by the motion for new trial. *Will v. People,* 130 Colo. 590, 278 P. (2d) 178; *Cook v. People,* 129 Colo. 14, 266 P. (2d) 776.

Nowhere in the record does it appear that defendant objected to the testimony given by Mr. Vielma, the interpreter. His testimony related solely to his role as interpreter at the time Cardoza gave his preliminary statement to the officers, in which statement he admitted the killing and his reasons therefor. No claim or objection was made that the so-called confession was the result of any force, coercion, promises or undue influence. In fact, defendant's testimony entirely negatives any such contention.

Under the applicable law as decided in the *Will* and *Cook* cases, supra, as well as upon the merits, the judgment must be and is affirmed.

MR. JUSTICE DAY not participating.