No. 20808.

GEORGE EDWARD ZEILER *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(403 P.2d 439)

Decided June 1, 1965.

Eugene Deikman, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Aurel M. Kelly, Assistant, for defendant in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

By direct information Zeiler, Mendoza and Nuanez were jointly charged with the crime commonly referred to as "assault with a deadly weapon." See C.R.S. '53, 40-2-34. Upon trial a jury determined that Zeiler was not guilty of assault with a deadly weapon, but at the same time adjudged him guilty of the lesser included offense of simple assault. See C.R.S. '53, 40-2-33. Mendoza and Nuanez, incidentally, were also found guilty of only simple assault, the trial court having dismissed the charge of assault with a deadly weapon as to these two defendants. Zeiler was thereafter sentenced to six months in the county jail and by this writ of error Zeiler alone seeks reversal of the judgment and sentence.

In this Court Zeiler argues that the judgment must be reversed for two reasons:

1. the People's evidence was so "internally contradictory that the jury was required to speculate as to the essential facts"; and

2. the People's evidence negatived an essential element of the offense of assault, namely, the "non-completion of the battery."

The charges in the instant case grew out of a barroom fracas. The People introduced sufficient evidence to establish, *prima facie*, that the victim, one Reed, was during the course of the affray: (1) struck over the head by an unknown person with a beer bottle; (2) struck with the fists in the face and about the head by Zeiler; (3) stabbed in the abdomen with a knife wielded by Zeiler; (4) pushed or thrown out of the establishment by Zeiler, who thereafter repeatedly kicked Reed at a time when the latter lay prostrate on the sidewalk. Zeiler testified in his own behalf and in the overall effect denied any wrongdoing.

■ As we read the record, this is not so much a case of the People's evidence being "internally contradictory," as it is a case of sharp conflict between the People's evidence and that introduced by and in behalf of the several defendants. Hence, we deem *People v. Urso*, 129 Colo. 292, 269 P.2d 709, to be inapplicable to the present controversy. Rather, this is but another instance of a sharply disputed factual matter which has now been resolved by the trier of the facts and under the circumstances we are not at liberty to set aside the finding of the jury that Zeiler — not Reed — was the assaulter, there being competent evidence in the record to support said finding. Suffice it to say that the trial court did not err in refusing to "take" the case from the jury on the ground that the evidence was so "internally contradictory" as to be legally insufficient. See *Duran v. People*, 156 Colo. 385, 399 P.2d 412.

■ Zeiler's second assignment of error is that the People's evidence clearly establishes a "battery" and that in his view such would in law *preclude* any conviction for assault. In this regard Zeiler argues that an assault by statute is an "attempt" and being an attempt it is according to prior decisions of this Court an *unsuccessful* or *ineffectual* act done towards the commission of a crime; and that where, as here, the evidence of the People, if believed, clearly establishes a

battery, one may not under such circumstance be convicted of an assault. All of which presents a mildly intriguing and rather sophisticated point of law. But intriguing and sophisticated though it be, we decline to come to grips with this particular assignment for the reason that, in our view, the matter was not properly presented to the trial court and hence cannot now be successfully urged in this Court.

■ The general rule is that the grounds urged in a motion for a new trial or an appeal must ordinarily be preserved at the trial by timely and sufficient objections and requests. See 24 C.J.S. p. 21; *Patton v. People,* 74 Colo. 322, 221 Pac. 1086; *Will v. People,* 130 Colo. 590, 278 P.2d 178; *Abeyta v. People,* 145 Colo. 173, 358 P.2d 12; and *Pena v. People,* 147 Colo. 253, 363 P.2d 672. In our judgment the instant case is not one to suggest a departure from this salutary and well-established principle. We shall now demonstrate just why Zeiler is in no position to urge the matter which he seeks to raise.

At the outset it is to be noted that present counsel for Zeiler did not represent Zeiler upon trial, but rather represented the co-defendant Nuanez. Our perusal of the record indicates that Zeiler did not file a motion for new trial, though there is some very slight indication that he was at some unknown time permitted to join in Nuanez' motion for new trial. Assuming that such is the case, our further examination of the record leads us to observe that the first time the argument was advanced that the proof of a battery precludes any conviction for assault was in Nuanez' motion for new trial, and that such was at no time presented to the trial court during the course of the trial proper.

Stated somewhat differently, during the trial proper, though there were countless objections raised by the three defendants, both collectively and individually, never once did Zeiler, or either of the other defendants for that matter, present to the trial court the matter which is now sought to be urged in this Court, namely

the argument that an assault is an attempt, an attempt is an ineffectual act, and that since the evidence in the instant case shows a "battery," such battery negates an essential element of an assault.

Specifically, upon trial Zeiler made no objection to any of the several forms of verdict which were submitted by the trial court to the jury, one such form being one which permitted the jury to find him guilty of simple assault. At this state of the proceeding Zeiler was, no doubt, primarily concerned with gaining an acquittal on the felony charge of assault with a deadly weapon.

█ Zeiler himself voiced no objection, as such, to the instructions given the jury by the trial court. He did, however, "join in" the objections to certain instructions as had thereofore been voiced by Nuanez. As mentioned, *supra,* the trial court at the conclusion of the People's evidence dismissed the charge of assault with a deadly weapon as to the defendant Nuanez, and so at this stage of the proceedings Nuanez was only charged with the offense of simple assault. It was under this circumstance that Nuanez objected to an instruction concerning simple assault on the ground that "there should have been a directed verdict and I do not think the evidence warrants submitting to the jury the charge of assault." In this regard counsel presumably had reference to what he deemed to be the "internal contradiction" within the People's evidence and to the general insufficiency thereof, which matter he had previously urged without success upon the trial court. At least we *know* that counsel did not urge upon the trial court the argument that the instructions regarding simple assault were improper because proof of a battery precluded any conviction of assault.

Rule 30, Colo. R. Crim. P. provides, *inter alia,* as follows:

". . . all instructions shall be submitted to the parties, who shall make *all objections* thereto before they

are given to the jury. *Only the grounds so specified shall be considered on motion for a new trial or on review. . . ."* (Emphasis supplied.)

In our view the "grounds so specified" before the trial court as to why there should be no instructions concerning simple assault are not the same as were thereafter urged by Nuanez in his motion for new trial, which motion we assume for sake of argument was later joined in by Zeiler. In that motion for the *first* time the trial court was confronted with the argument that evidence of the "completed act of battery" precludes a conviction for the offense of assault. Such not having been theretofore "specified" as a ground why the instructions regarding simple assault should not have been given the jury, it should not, according to Rule 30, be thereafter raised for the first time in the motion for a new trial.

It is for these procedural reasons that we decline to consider on its merits Zeiler's second assignment of error. In passing, we would note that this problem, if such it be, was apparently resolved by the General Assembly in 1963 when it declared that "it shall not be a defense to a conviction of the crime of attempt to commit a crime that the crime attempted or intended was actually perpetrated by the accused." C.R.S. 1963, 40-25-3. This statute, however, has no application to the instant case, as it was tried before the effective date thereof.

Judgment affirmed.

Mr. Justice Sutton not participating.