## No. 79SA420

### The People of the State of Colorado v. Sylvester Lee

(607 P.2d 998)

Decided March 10, 1980.                    Rehearing denied March 31, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Maureen Phelan, Assistant Attorney General, David K. Rees, Chief, Appeals Litigation Section, for plaintiff-appellee.

Gerald N. Mellman, Douglas W. Johnson, for defendant-appellant.

*En Banc.*

Per Curiam

This is an appeal from a conviction for second degree murder. Section 18-3-103, C.R.S. 1973 (now in 1978 Repl. Vol. 8). We affirm.

The prosecution established through eye-witness testimony that the defendant-appellant, Sylvester Lee, shot and killed Ralph Brown at the Cat and Fiddle Lounge. The defendant presented evidence to show that he was intoxicated, and, on appeal, the defendant raises the same constitutional issues relating to the second-degree murder statute which we addressed in *People v. Delguidice*, 199 Colo. 41, 606 P.2d 840 (1979) and *People v. White*, 199 Colo. 82, 606 P.2d 847 (1980).

In addition, the defendant-appellant asserts that error occurred when his counsel challenged a juror for cause and the challenge was denied. A review of the voir dire examination of the juror in question has convinced us that the denial of the defendant-appellant's challenge for cause did not constitute reversible error. *See Brake v. People*, 191 Colo. 390, 553 P.2d 763 (1976).

The defendant-appellant also claims that error occurred when the court gave an approved pattern jury instruction on self-defense and not an instruction tendered by defense counsel. When the instructions are viewed as a whole, the jury was properly instructed on self-defense. It is not reversible error to refuse an instruction tendered by the defense when the contents of that instruction are embodied in the court's other instructions. *People v. Holmes*, 191 Colo. 477, 553 P.2d 786 (1976).

A number of issues on appeal were earlier resolved against the defendant-appellant by the trial judge. Our review of the record convinces us that reversible error did not occur in the trial of this case. A defendant

is entitled to a fair trial, but not a perfect trial. The evidence of guilt was overwhelming and the errors asserted did not affect the substantial rights of the defendant appellant and were harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1966).

Accordingly, we affirm.