**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Thomas E. SHEARER,**
**Defendant-Appellant.**

No. 81CA0340.

Colorado Court of Appeals,
Div. II.

March 25, 1982.
Rehearing Denied April 22, 1982.
Certiorari Denied Aug. 9, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Richard D. Irvin, Boulder, for defendant-appellant.

BERMAN, Judge.

Defendant, Thomas E. Shearer, appeals his conviction by jury of felony menacing. We affirm.

The events leading to the charge at issue began on a Friday, when agents of The First National Bank of Englewood (Bank) attempted to repossess the defendant's pickup truck pursuant to a security agreement. The defendant immediately contacted the Bank and drove there in the truck to meet with a loan officer. They discussed the options available to the defendant on his defaulted loan, and the loan officer requested that the defendant leave the truck with the Bank until he became current on his payments. The loan officer's supervisor joined the meeting, and when the defendant became angered by some of the supervisor's comments he abruptly left the meeting, taking the truck with him.

The following Monday the Bank again attempted repossession. The same two repossession agents went to the defendant's house. When they received no answer at

the house, they proceeded to check the vehicle registration number of the truck, which was parked in a parking area adjacent to the house. When the defendant came out of the house, he recognized the agents from the previous Friday and again objected to their taking the vehicle. The defendant testified that he thought it was necessary to obtain a court order before a vehicle could be repossessed. Defendant returned to the house, ostensibly to finish dressing, and returned with a revolver. He pointed it at one of the agents and ordered them to leave, which they immediately did.

Subsequently, the loan was paid in full by the defendant. He was, however, charged and tried for felony menacing in violation of § 18–3–206, C.R.S.1973 (1978 Repl. Vol. 8) for threatening the agents.

During its deliberations, the jury submitted a question to the court. That question was whether it was "legal for a secured party to enter private premises to repossess an article of collateral." The defendant requested that the question be answered with his previously tendered and refused instruction. The trial court instead responded: "The court cannot answer your question. You have all the evidence and law the court can give you."

I.

■ The defendant first designates as error the refusal of the trial court to instruct the jury with his tendered instructions. We find no error.

The jury was thoroughly instructed on the elements of felony menacing and the affirmative defenses of the defendant, *i.e.,* the use of reasonable force against a person he believed to be criminally tampering with his property, the use of reasonable force against a trespasser, and mistake of fact. The defendant's tendered instructions which were refused included instructions on

the law of repossession and the affirmative defense of protection of property from theft.

■ Defendant's tendered instructions included a general statement of the law of repossession as well as the instructions that if a debtor contemporaneously objected to the repossession, it was the duty of the secured party to proceed no further without judicial process and that to continue to attempt repossession was a *per se* breach of the peace.[1] These instructions are inapplicable here.

Defendant's theory of defense was that the agents had no right to take the property over his objections, and that he was entitled to use force, in this instance, a revolver, against the agents because he was under the mistaken belief that they needed a court order to regain possession of his truck. The question as to whether the agents were legally repossessing is not pertinent to this defense; the issue is whether the defendant used reasonable force against the agents under these circumstances. Even assuming, *arguendo,* that the agents committed a breach of peace when they remained on the premises after the defendant objected to their presence, we conclude the trial court still did not err when it refused to instruct the jury on the rights of a secured party to repossess its property.

■ Provided that there is evidence to support the instructions, a defendant is entitled to have all his theories of defense presented to the jury. However, the trial court has the option of refusing the defendant's tendered instructions if his theory is encompassed in other instructions. *People v. Moya,* 182 Colo. 290, 512 P.2d 1155 (1973).

■ Here, one instruction given stated:

"It is an affirmative defense to the crime of menacing that the defendant

(1) Used reasonable and appropriate physical force upon another person

---

1. The law in Colorado is that a secured party may repossess the collateral without judicial process so long as the repossession does not breach the peace. *John Deere Co. v. Catalano,* 186 Colo. 101, 525 P.2d 1153 (1974). However, no Colorado appellate opinions have resolved the issue whether repossession over only oral objections of the debtor constitutes a breach of the peace. *See generally J. White & R. Summers, Uniform Commercial Code* 1095–1097 and 1100–1102 (1980).

(2) When and to the extent that he reasonably believed it necessary to prevent

(3) What he reasonably believed to be an attempt by the other person to commit criminal tampering involving property.

It is an affirmative defense to the crime of menacing that the defendant

(1) Used reasonable and appropriate physical force upon another person

(2) When and to what extent that it is reasonably necessary to prevent or terminate

(3) What he reasonably believes to be the commission or attempted commission of an unlawful trespass by the other person on or upon his premises.

It is an affirmative defense to the crime of menacing

(1) That a party engaged in conduct under a mistaken belief of fact

(2) That the mistaken belief of fact negatives the existence of a particular mental state essential to the commission of the offense or

(3) That the factual mistake or the mental state therefrom is of a kind that supports defense of property or premises."

This instruction fully encompassed the defendant's theory of the case. In essence, it provides that even if the defendant mistakenly believed that the Bank's agents were wrongfully tampering with his property (defined by another instruction) or were trespassing, the defendant could use reasonable force to protect his property or premises. This correct statement of the law was endorsed by defendant's counsel at trial.

The defendant also contends that the trial court erred when it refused his instructions on the affirmative defense of protection of property from theft, although the trial court instructed the jury on the affirmative defense of protection of property from criminal tampering. We find the instructions given to be adequate.

 The record discloses sufficient evidence to support, based upon the defendant's mistaken belief of fact, the instruction on the affirmative defense of criminal tam-

pering. See § 18–4–506, C.R.S.1973 (1978 Repl. Vol. 8). However, there is not any evidence to show the elements of motor vehicle theft. The defendant himself admitted that he did not believe the agents to be "car thieves." See § 18–4–409, C.R.S. 1973 (1978 Repl. Vol. 8). Therefore, the trial court acted within its discretion when it refused the instruction in issue. See also People v. Medina, 185 Colo. 183, 522 P.2d 1233 (1974).

## II.

The trial court instructed the jury that a mistake of law is not a defense. Defendant made a contemporaneous objection on the basis that the instruction was already encompassed in other instructions, i.e., the instruction quoted above, and relied upon this objection in his motion for a new trial. On appeal the defendant changes the grounds for his objections and now argues that the instruction was inapplicable to the facts of this case, and was confusing and prejudicial.

 Even if erroneous, the instructions are not reviewable upon the grounds now asserted. The trial court must first be given an opportunity to rule upon the objection. Crim.P. 30; Russell v. First American Mortgage Co., 39 Colo.App. 360, 565 P.2d 972 (1977). See also People v. Meller, 185 Colo. 389, 524 P.2d 1366 (1974); Zeiler v. People, 157 Colo. 332, 403 P.2d 439 (1965). In addition, an examination of the instructions as a whole demonstrates that the jury was adequately informed of the law and the defendant was not prejudiced; therefore, no reversible error exists. See Reliford v. People, 195 Colo. 549, 579 P.2d 1145 (1978); People v. Hankin, 179 Colo. 70, 498 P.2d 1116 (1972); compare, Meller, supra.

## III.

 Defendant also views the failure of the court to answer the question submitted by the jury while deliberating as error. While the trial court may give additional written instructions which properly state the law, it is a matter within the trial court's sound discretion and it is not error to refuse to do so when the instruction requested is already embodied in those pre-

viously given. *People v. Langford,* 191 Colo. 87, 550 P.2d 329 (1976); *see also People v. Lee,* 199 Colo. 301, 607 P.2d 998 (1980).

Here, as discussed *supra,* whether the agents were authorized or not in the repossession is irrelevant to the charge against the defendant or his affirmative defenses. The jury here could have determined that defendant used unreasonable force against a perceived illegal repossession of his property. The instructions with which the jury had previously been charged described the applicable law.

## IV.

■ Defendant's final contention, that the trial court erred when it did not direct a verdict of acquittal, is without merit. There are sufficient facts in the record to enable the jury to find defendant guilty beyond a reasonable doubt of felony menacing.

Judgment affirmed.

VAN CISE and KELLY, JJ., concur.