[No. 3673.]

THE STERLING No. 2 DITCH CO. v. THE ILIFF & PLATTE
VALLEY DITCH CO.

1. PRACTICE—CALLING IN JUDGE FROM OTHER DISTRICT.

Under the general laws of this state, a judge of one district may at any
time, and for any purpose which seems proper to him, call in another
judge from another district to try any cause or proceeding pending
in his court, whether it be an ordinary action or special proceeding.

2. SAME—CONFLICTING EVIDENCE.

Although the evidence is conflicting, if there be sufficient legal evidence
in the record to sustain the findings and judgment, a reversal will
not be had.    The record examined and the findings of the lower
court sustained.

*Appeal from the District Court of Logan County.*

Mr. W. E. CRISSMAN, for appellant.

Mr. C. H. BRIERLY, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the
court.

This is a controversy between two ditch companies situ-
ate in water district No. 64 in what is now Logan, but
formerly was Weld county, concerning their priority of
right to the use of water for irrigation.    The record shows
that in 1887 proceedings were instituted, under the irriga-
tion statutes of 1879 and 1881, for an adjudication of the
priority of right to the use of water for irrigation in that dis-
trict.    During that year the district court, then having juris-
diction, referred the matter to C. A. Bennett, who proceeded,
under the statute, to take testimony, and filed the same in
the district court.

During the year 1894, additional testimony was taken by
the judge of the district court, in open court, and on Novem-
ber 15, of that year a final decree was entered whereby

there was awarded to the appellee company priority No. 9, dating back to July 10, 1884; and to the appellant company priority No. 10, the latter appropriation being five days later in point of time.

Thereafter, and in the month of July, 1895, the appellant company made application to the district court under section 1788, Gen. Stats. 1883 (1 Mills' Ann. Stats. sec. 2425), for a reargument and review of the decree of 1894, upon additional evidence. The court granted the rehearing, and permitted the appellant to introduce further testimony in support of its claim. The appellee company made an application (which in the record is denominated a motion for a change of venue), supporting the same by affidavit, to the effect that the then presiding judge of the district court had theretofore been retained by, and acted as counsel for, the appellant company in the former adjudication of the same controversy. As the record recites, the application for change of venue was granted, but, as further appears, by express recital, and more accurately, the presiding judge refused to proceed with the hearing himself, and called in a judge from another district for that purpose.

The judge, so called in, presided at the trial upon this review, at which both the testimony introduced before the referee and that theretofore heard before the judge in open court, were offered and received, and after hearing additional evidence of appellant, the court made findings of fact and entered a decree in all respects adopting the former findings, and affirming the decree of 1894 in all its provisions.

From this judgment the unsuccessful party has appealed to this court, and assigns and argues only two alleged errors of the trial court : *first*, that the district court of Logan county erred in calling in a judge of another district to hear and determine the matter ; *second*, that the findings of fact are not supported by the evidence, and the decree is not warranted thereby.

1. The appellant contends, since this is a special proceeding, that none of the code provisions relating to practice and

procedure are applicable. The point made is that the district court of Logan county had no authority under the special statute to call in the judge of another district to preside and try the case, but that it was the duty of the duly elected judge of said court to preside and hear the case, notwithstanding he had been counsel of one of the parties in the same controversy.

Whether the code provision with reference to changes of venue is applicable or not, the action of the district court in calling in another judge was eminently proper. He had been of counsel for the appellant company in the very matter which was being litigated in his court, and it was his duty, even in the absence of an application by the appellee therefor, voluntarily to refrain from participating in the hearing, and of his own motion to call in a judge from another district. He was disqualified to try these issues; and under the general laws of this state a judge of one district may, at any time, and for any purpose which seems proper to him, call in another judge from another district to try any cause or proceeding pending in his court, whether it be an ordinary action or a special proceeding. Session Laws, 1891, p. 141 (3 Mills' Ann. Stats. sec. 1038).

2. Whether we invoke the general rule that prevails in this court that, notwithstanding a conflict in the evidence, if there be sufficient legal evidence in the record to sustain the findings and judgment, a reversal will not be had; or whether, at the appellant's request, we examine all of the evidence embodied in this record, and sift and weigh it for the purpose of determining on which side it preponderates; —the result in either case is the same. We have gone through this entire record, and examined the evidence taken by the referee, that heard by the district court in 1894, and also the testimony introduced upon the last hearing, and we see no reason for disturbing the conclusion which has been reached by two different district judges upon two separate occasions. As was said by the learned district judge before whom this review was had, the additional, or new, evidence produced

for the first time upon the rehearing was chiefly cumulative, and not sufficient to warrant the setting aside of the former decree.

The chief reliance of the appellant was upon this new testimony of witnesses whose testimony had also been received upon the original hearing. A comparison shows that their testimony given upon the former hearing is quite different from that on the rehearing, and that the former testimony tends to support the decree as rendered. It is reasonable to suppose that in 1887, recently after the transactions occurred about which they testified, the recollection of the witnesses would be more accurate than eight years later.

Considering the entire record, we are satisfied that the judgment below was right, and it is accordingly affirmed.

*Affirmed.*