[No. 7179.]

## CLARKE v. THE PEOPLE.

1.  CRIMINAL LAW—*Information—Improper Joinder of Counts—Harmless Error*—An information containing counts for false pretenses, larceny, and the confidence game was consolidated for trial with other informations, each containing a single count, to which no exception was taken. There was a conviction, and a separate sentence in each case, running concurrently. *Held*, that, as the sentences were concurrent, if the conviction upon any count was legal, the accused was not prejudiced by the supposed misjoinder of counts in the first information.

2.  ——*False Pretenses*—A false pretense is a false and fraudulent representation of a matter of fact, made with knowledge of its falsity, with intent to deceive and defraud, which is adapted to induce the person to whom it is made to part with something of value, and which is calculated to deceive—according to the capacity of the person to whom it is made to detect a falsehood.

One pretending to be a seer and clairvoyant, by representations which he knows to be false, and which are made with intent to deceive, induces a woman to deposit with him her money, in order to prevent another from securing it. He represents that such deposit is necessary for her protection. The woman is deceived and makes the deposit accordingly. The supposed seer is guilty of obtaining the money by false pretenses.

3.  ——*Evidence of Other Crimes*, may be received, to show criminal intent, where they are so connected, in point of time, with, and so similar to, the crime charged, that the same motive may justly be imputed to all.

4.  ——*Harmless Error*—The accused is not prejudiced by the admission in evidence of other transactions which were legitimate.

*Error to Denver District Court.*—Hon. GEORGE W. ALLEN, Judge.

Mr. J. GRATTAN O'BRYAN and Mr. MEL EMERSON PETERS, for plaintiff in error.

Hon. BENJAMIN GRIFFITH, attorney general, Mr. CHARLES O'CONNOR, assistant attorney general, for the people.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiff in error was charged in one information, in three counts, with false pretenses, larceny, and confidence game. He was also charged in four informations with the crime of confidence game, based on four different transactions. All these informations were consolidated for trial. The accused was found guilty upon each, and separate judgments and sentences pronounced, the sentences running concurrently.

It is urged that the counts in the information containing three could not properly be joined, although they were based upon the same transaction, for the reason that the accused could not be guilty of both false pretenses and larceny. This proposition need not be determined. The sentences are the same, and run concurrently, and even though the accused was erroneously convicted on some of the counts, he has not been prejudiced, if he was properly and legally convicted on any count, a question to be considered later. *Imboden v. People,* 40 Colo. 142.

The several charges of the commission of the confidence game did not, as originally drawn, use the word "feloniously," in specifying the offense. This omission, it is claimed, rendered the informations with respect to the charge of the confidence game fatally defective. During the progress of the trial the court permitted the prosecution to amend the information by inserting the word "feloniously." If, as contended, the absence of "feloniously" rendered the information defective, and this defect could not be cured by amendment, then neither of these propositions need be considered, if it appears that defendant was legally convicted of the charge of false pretenses, or larceny.

The sufficiency of the testimony to sustain a conviction under either information or count is challenged. We need only consider the one relating to the charge of false pretenses. As applicable to this case, a false pretense is a false and

fraudulent representation made with knowledge of its falsity, with intent to deceive and defraud, and which is adapted to induce the person to whom it is made to part with something of value. 12 Ency. 804. The pretense must be calculated to deceive according to the ability or capacity of the person to whom it is made to detect the falsehood. *Ibid* 816. In brief, the testimony on the subject of false pretenses is to the effect that defendant advertised as a seer and clairvoyant; that this advertisement attracted the attention of the prosecuting witness, who called on him, and, on his' representations as to what he could accomplish as an alleged seer and clairvoyant, and in order, as he claimed, to prevent another from securing her money, induced her to loan, or let him have it, which she did from time to time, relying upon his representations that it was necessary to do so for her own protection, and that it would be repaid her, with interest. In this way defendant obtained from her about one hundred and seventy-five dollars, only seventy-five cents of which was ever repaid. There can be no question regarding the falsity of the representations made by the defendant. He certainly knew them to be false, and made them with intent to deceive and defraud the witness, and thereby did deceive and defraud her; consequently, we conclude the testimony is ample to sustain a conviction for false pretenses.

Error is assigned upon the ruling of the trial court permitting testimony of similar transactions with other persons about the same time to be introduced. It was competent to show that defendant had been engaged in practicing like, or similar, cheats, as tending to prove a criminal intent, where, as in this instance, the other transactions were so connected in point of time, and so similar, that the same motive could be imputed to them all.—*Housh v. The People,* 24 Colo. 262; *Warford v. The People,* 43 Colo. 107. The court expressly limited this character of testimony to the question of intent, and also advised the jury that testimony of other acts which were not similar should by them be excluded. There was

testimony regarding matters which the court, on the objection of the defendant, should have excluded, which, however, in the circumstances of this case, it appears was not prejudicial. The testimony of the prosecuting witness was not disputed, except inferentially, by the defendant, but his version of the transaction shows that he practiced deception to obtain her money, or, in effect corroborates her statement relating to the representations made by him which induced her to part with her money. Perhaps some of the other transactions detailed were *bona fide*. Testimony of his character was not competent, but certainly, the defendant could not be prejudiced by proof of honest and legitimate transactions.—*State v. Brady,* 36 L. R. A. 693.

The judgment of the district court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.