## No. 12,036.

### GASPER *v.* THE PEOPLE.

Decided February 27, 1928.   Rehearing denied March 19, 1928.

Plaintiff in error was convicted of owning, possessing, and operating a still for the manufacture of intoxicating liquor.

### *Affirmed.*

### *On Application for Supersedeas.*

1.   NEW TRIAL—*Motion—Newly Discovered Evidence.*   Motions for new trials based upon newly discovered evidence, are regarded with suspicion and disfavor and are left to the sound discretion of the trial judge whose action in denying such motions will not be reversed, except for gross abuse of discretion.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. A. T. STEWART, Mr. JOHN A. MARTIN, for plaintiff in error.

Mr. William L. Boatright, Attorney General, Mr. William W. Gaunt, Assistant, for the people.

*Department One.*

Mr. Justice Whitford delivered the opinion of the court.

The defendant was charged with owning, possessing, and operating a still for the manufacture of intoxicating liquor, and he comes here on error to review the judgment on a verdict against him, and moves for a supersedeas.

The only assignment of error urged upon the application for a supersedeas is the action of the district court, denying defendant's motion for a new trial, which was based upon the ground of newly discovered evidence.

It is clear, from an examination of the transcript, that the matters presented in the motion and affidavit for a new trial did not constitute newly discovered evidence, but related to alleged facts, about which defendant himself gave testimony upon the trial. The proposed witness, and the evidence which the defendant said the witness would give upon a new trial, was all within the knowledge of the defendant before the trial. This proposed evidence did not constitute newly discovered evidence. The remedy of defendant, if any, was a motion for continuance. The showing made by the defendant, on the grounds of newly discovered evidence, was insufficient. It was bad on its face.

"Motions for new trials, based upon newly discovered evidence, are regarded with suspicion and disfavor, and are left to the sound discretion of the trial judge whose action in denying such motions will not be reversed except for gross abuse of discretion." *Sebold v. Rieger,* 26 Colo. App. 209, 142 Pac. 201; *Eachus v. People,* 77 Colo. 445, 236 Pac. 1009.

It is clear, in this state of the record, that the court did not commit reversible error in denying the motion for new trial.

Judgment affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE BURKE, and MR. JUSTICE WALKER concur.