## No. 13,983.

### CARR *v.* THE PEOPLE.
(63 P. [2d] 1221)

Decided December 14, 1936.   Rehearing denied January 11, 1937.

478

Mr. F. E. Dickerson, Mr. Chas. D. Bromley, Mr. James T. Burke, Mr. E. J. Plunkett, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Walter F. Scherer, Assistant, for the people.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Carr, plaintiff in error, and one O'Toole, were tried jointly with Edwin L. Leisenring, on a charge of conspiracy. The original information contained two counts. After argument on motions to quash, the people dismissed as to the first count and obtained leave to substitute another count designated herein as the third count. Trial was had upon the second and third counts, Leisenring was acquitted on both, Carr and O'Toole were acquitted on the second count, and found guilty on the third and sentenced to jail for one year and fined $400 each. Carr now prosecutes this writ of error. Reference will herein be made to defendants as such or by name.

The third count of the information, upon which the conviction rests, sufficiently reveals the alleged crime for our purposes and is as follows:

"Third Count. And Earl Wettengel, District Attorney as aforesaid, in the name and by the authority of The People of the State of Colorado, further informs the Court that James H. Carr, on, to-wit: the seventeenth day of September, A. D. 1935, at, to-wit: The City and County of Denver, State of Colorado, was then and there an

officer of the State of Colorado, and as such aforesaid officer was then and there the 'State Licensing Authority,' of the State of Colorado, having under his supervision as such officer the regulation and control of the licensing of the manufacture and sale of malt, vinous and spirituous liquors as provided by law; that the aforesaid James H. Carr together with the defendants William E. O'Toole and Edwin L. Leisenring, did then and there wilfully and unlawfully agree, conspire and cooperate falsely and maliciously to and with each other to do and to aid in the doing by them, and to cooperate with each other in the doing of, and to aid in the doing by them or some one or more of them at the City and County of Denver, State of Colorado, the commission of an unlawful act, to-wit: a misdemeanor, which misdemeanor was:

"That the aforesaid defendants, James H. Carr, William E. O'Toole and Edwin L. Leisenring, wilfully and corruptly on, to-wit: the seventeenth day of September, A. D. 1935, did receive and take at the City and County of Denver, State of Colorado, a fee and reward, to-wit: the sum of Three Thousand Dollars in money, of the value of Three Thousand Dollars, of and from the McKesson & Robbins, Inc., a corporation, to execute and to do his, the aforesaid James H. Carr's duty as such officer, to-wit: the 'State Licensing Authority' of the State of Colorado, which aforesaid fee and reward was not then and there a fee as allowed by law in the enforcement and regulation of the 1935 Liquor Code; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado. * * * ''

The defendants have filed separate assignments of error, Carr six and O'Toole five. Argument is made upon only one of the assignments. Much interesting argument is made on questions not included in the assignment and upon which the record was not properly made and preserved upon the trial. Following our repeated pronouncements we do not consider questions that are

argued but which are not within the errors assigned. Supreme Court rule 32 provides that "each error shall be separately alleged and particularly specified * * *." While confining the discussion to such errors as are assigned, we are at liberty in our discretion to notice any other error appearing of record. Justice requires that such observation inure to the benefit of those prejudiced thereby. Careful scrutiny of the record before us does not reveal error, either unassigned or here discussed, which, in the light of all the evidence and the instructions to the jury, resulted in any prejudice to the defendants; we therefore, with less reluctance, disregard questions which are ably discussed, but upon which no error is assigned.

Assignments five and six of Carr and five of O'Toole are the only specific assignments of error. Assignment five in Carr's presentation relates to the second count of the information upon which the defendants were acquitted. As to this assignment, if erroneous, the result was in defendant's favor and he cannot complain. Assignment six is to the effect that the state failed to prove that the " 'fee and reward, to-wit: the sum of Three Thousand Dollars in money, of the value of Three Thousand Dollars' which it is alleged in the third count that the three defendants conspired to receive and take of McKesson-Robbins, Inc. 'was not then and there a fee as allowed by law in the enforcement and regulation of the 1935 Liquor Code.' " Assignment five, presented by O'Toole, is to the effect "that the court gave instructions to the jury on a judicial holiday, namely Washington's birthday, which were not requested by said jury, contrary to law." As to this last assignment, the record discloses that the jury was instructed and the trial concluded February 21, the jury retiring at 11:58 p. m. on that date. At 5:33 p. m., February 22nd, the jury, having indicated an agreement, was by the court called into the jury box, whereupon the foreman presented the verdicts. At that time, upon examination of the verdicts, the court advised

the jury that it had not followed the instructions and directed that it pursue further deliberations which finally resulted in verdicts thereafter received at 8:34 p. m., and upon which the defendants were sentenced. All instructions upon which the jury were to be and were guided in their deliberations, were given by the court on the day preceding the statutory holiday. The proceedings outlined, and objected to as occurring on the statutory holiday, were an exercise of the powers of the court in a criminal action connected with the receiving of the jury's verdict. In civil matters, the Code prohibits the transaction of judicial business on Sunday and the enumerated holidays except for certain purposes. From this it may be argued that the receiving of a verdict is a judicial act. The authorities seem to be divided on the question whether this is a judicial or a ministerial act. We are inclined to the view that it is ministerial, performed for the jury in a judicial proceeding. When in proper form, the verdict must be received when returned for that purpose and the judicial officer has no discretion in the matter. Regardless of this question, the weight of authority is to the end that verdicts, the result of trials started and concluded before Sunday, may be received on Sunday. There can be no question but that more sanctity attaches to the Sabbath day than to statutory holidays. 39 L. R. A. (N. S.) 844 and notes. Reason tells us that common necessity often requires the practice here approved; therefore this assignment, not argued, is without merit.

█ As to Carr's specific assignment on the failure of proof as it relates to the third count of the information, his counsel insist that there is no direct evidence tending to prove to the jury what fees were or were not allowed by law to the "State Licensing Authority," and they argue that it was the duty of the trial court to instruct the jury on this subject. Part of this contention was before the trial court on the motion for a directed verdict; however, the record shows that neither defendant requested such an instruction as it is now claimed it was

482

the duty of the court to give. If, at any place, it appeared that probable prejudice resulted from such a failure of duty—if it was a duty under the evidence—then the assignment would be well taken. All of the evidence in the case with reference to the $3,000 cash, which was the subject of the extortion charge, conclusively shows that this money was to be paid to, and received by, defendants in their personal capacity and to be so divided, and the evidence further discloses that the money so extorted was a "fixing" which was a condition precedent before the license would issue. The evidence leaves room for no other possible inference which could be drawn by the jury than that the $3,000 was sought to be extorted, and that it was not to be paid as a statutory fee for the issuance of the license or the performance of a duty by the "State Licensing Authority." If the $3,000 claimed to have been extorted, was a fee allowed by law, then defendants had a perfect defense, but there is not even a suggestion in the evidence that it was a fee allowable by law. In substance, it was alleged to be the extortion of a reward, which allegation is amply supported by the evidence. It would have been better practice to have given such an instruction, if requested, or probably without a request; however, under the evidence in the case and a consideration of the instructions as a whole, no prejudice to the defendants resulted on account of the point not having been covered by the instructions, because the jury could not have been misled as to the intent and purposes of the conspirators or as to the use to which the money was to be applied.

In passing, let it not be thought that we have failed to seriously consider the question of the sufficiency of the information in this case, which of course affords the true basis for the proceeding. Without any assignment of error on the proposition, defendants contend that a conspiracy was alleged without setting out the objects and purposes thereof. A casual reading of the third count, herein fully set out, will disclose clearly that it

meets the requirement mentioned by our court in the case of *Tracy v. People,* 65 Colo. 226 (176 Pac. 280), wherein, it is said at page 228: ."It has been repeatedly held in this state that an indictment or information is sufficient which describes an offense either in the language of the statute, or so plainly that the nature of the crime may be readily and easily understood by a jury."

The judgment is affirmed.