## No. 14,237.

### SMALDONE *v.* THE PEOPLE.
(81 P. [2d] 385)

Decided June 27, 1938.

Mr. ARTHUR R. MORRISON, Mr. RALPH J. CUMMINGS, Mr. JULIUS F. SEEMAN, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. REID WILLIAMS, Assistant, for the people.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was convicted of the larceny, in Denver, of an auto truck and contents and sentenced to a term of from four to six years in the penitentiary. To review that judgment he prosecutes this writ and asks that it be made a supersedeas. The cause has been finally submitted and orally argued. The twenty-one assignments are presented under ten divisions: (1) The transfer of the cause from one division of the court to another; (2) the selection of the jury; (3) the sufficiency of the evidence; (4) the refusal of the court to compel the prosecutor to elect; (5) the refusal to give certain requested instructions; (6) the refusal to direct a verdict; (7) the submission of the second count; (8) the giving of instruction 13; (9) improper conduct of the district attorney; (10) the form of the sentence.

A brief statement of the facts is essential to an understanding of our disposition of these. Defendant, one Lyons, and one Doe (hereinafter so referred to, but identified on the trial by Lyons as Lynch) were jointly charged in two counts, the first for larceny, the second for receiving stolen goods. Doe was not apprehended The second count against Lyons was withdrawn and he and defendant were tried together and convicted on the first.

A. driver for a popcorn company stopped his truck loaded with tobacco, candy, etc., at a Denver cafe to make a delivery. On his return he saw his truck disappearing around a distant street corner. He reported by phone to his employer, mounted another car and gave chase, but failed to overtake the thieves. The truck stuck in the mud about six miles north of the city, in Adams county, and Lyons employed a ranchman with his team to extricate it. Arriving on the scene they found defendant and Doe, with defendant's automobile, likewise stuck. Both were pulled out and departed, Doe with defendant in his car. Lyons admitted his part in the crime, which he explained as the consummation of a conspiracy between himself and Doe. He testified that defendant was not a party thereto and that his appearance at the scene was due solely to the fact that he had been summoned to the rescue by Doe. At the time of the trial he was out on bond signed by the wife of the defendant and he admitted a former conviction. Motions to require the district attorney to elect between the counts, and motions for directed verdict on each count, were presented at the close of the people's case and again after both sides had rested, and were overruled.

1. The cause was pending in division 7, Lindsley, judge. He transferred it to division 6, Hicks, judge, where it was tried. These are the divisions of the Denver district court which handle criminal causes. The order of transfer recites that it is "upon the court's own motion" and states no other reason. The order of acceptance in division 6 recites "upon the court's own motion," but states no other facts. The record does disclose that Judge Hicks explained that several causes were transferred from 6 to 7 and 7 to 6 because the judges felt they were disqualified and that this was one of those causes. The specific reason given by Judge Hicks as to this was that Judge Lindsley stated he "had known the Smaldone boys since childhood and that he had gone to school with them and he did not feel he ought to try it."

This, of course, was no showing of disqualification, first, because it was no reason, and second, because it was merely Judge Hicks' recollection of a conversation. The transfer stands solely as one for the convenience of the judges. The only objection made before trial was on the express ground that defendants "were not present at the time of the making of entry of such order." Section 2 of rule XXII of the district court provides the usual method of assignments for trial to the several divisions. It was apparently followed when the cause was assigned to division 7. Further transfers are not covered. Our rule 14c provides for the designation by the Chief Justice of this court of a judge to try a cause wherein the trial judge is disqualified. It has no relation to the ordinary transfer of causes for convenience from one division to another in a district court having more than one judge. The point was not included in the motion for a new trial but our rule was orally introduced on the hearing thereof. So far as the record discloses the transfer and trial were within the terms of section 100, chapter 46, '35 C. S. A.; *Ditch Co. v. Ditch Co.*, 24 Colo. 491, 493, 52 Pac. 669. Moreover in districts having more than one judge, "Cases may be sent from one judge to another, as the individual judges may agree and direct." '35 C. S. A., c. 46, §111. In the light of the foregoing, and in view of the further fact that no prejudice is even claimed, and no proper attempt was made by counsel for defendant to relief therefrom, if any existed, the proposition is without merit.

2. Following the practice and rules of the district court 150 jurors were drawn for the several divisions. The judge to whom that duty fell drew 38 of these and sent them for service to division 6. The defendant was furnished the entire list. If others had been required they would have been drawn from the 150 not otherwise engaged. Defendant objects because his jury was not drawn from the entire panel and because the 38 were not drawn in division 6 in his presence. In support

of this proposition his counsel cite the Civil Code and inapplicable decisions of other jurisdictions. There is no claim that the special panel of 38 was exhausted, or that defendant exercised all his peremptory challenges, or that the procedure followed resulted in any prejudice to him. The contention is without merit. *Beals v. Cone,* 27 Colo. 473, 62 Pac. 948; *Imboden v. People,* 40 Colo. 142, 90 Pac. 608; *Hendricks v. People,* 78 Colo. 264, 241 Pac. 734. Defendant was not entitled to be present when the 38 jurors were drawn and assigned. *Christ v. People,* 3 Colo. 394.

██ ██ 3. On the subject of the sufficiency of the evidence we need to say nothing more than that we have read it in its entirety and find it ample. It was largely circumstantial, but the circumstances are convincing and certainly support the verdict. Defendant's claim that his appearance on the scene, and his activity and interest there manifest was merely in the capacity of a good samaritan is on a par with the hoary defense of a thief caught with stolen goods that he purchased them in good faith from an itinerant whose name he does not know and whom neither he nor anyone else ever saw before or since. It is possible, but improbable, and its truth or falsity was for the jury.

██ 4. Under the circumstances disclosed the prosecutor is not required to elect as between a count for grand larceny and one for receiving stolen goods, but may go to the jury on both. Where, as here, the same evidence is admissible as to each no prejudice results from submitting both. *Simmons v. People,* 70 Colo. 262, 199 Pac. 416. Counts for larceny and receiving stolen goods may be joined. '35 C. S. A., c. 48, §449. In such cases motions to elect are addressed to the discretion of the trial court. 31 C. J., p. 790, §361; *Roberts v. People,* 11 Colo. 213, 17 Pac. 637. Had these been separate informations they could have properly been consolidated and tried as one. *Bergdahl v. People,* 27 Colo. 302, 61 Pac. 228. Where the counts are properly joined the peo-

ple are not obliged to elect. *State v. McCloria,* 111 Kan. 379, 207 Pac. 645.

5. Defendant's requested instruction No. 3 stated a negative, the affirmative was not even hinted at in the instructions given and that tendered was unnecessary and inapplicable.

6. In the light of what we have already said it is apparent that no verdict could be directed.

7. Since the second count was for receiving stolen goods and defendant was convicted only on the first no possible prejudice appears from the submission of both. In addition see paragraph 4, supra.

8. Some language is found in instruction No. 13 which forms the basis for the argument that a duty was thereby imposed upon defendant to convince the jury of his rightful possession of the property in question. But since a further paragraph of the same instruction clarifies the question and forecloses any possibility that the jurors were misled the assignment thereon is groundless.

9. In his argument to the jury the prosecuting attorney started to suggest that defendant's counsel would probably explain certain conduct of a witness "on account of his record and the notoriety of Smaldone." He was stopped by an objection and so far as the record discloses proceeded no further. For what Smaldone had a record, if he had, or for what, if anything, he was notorious, the prosecutor did not say. It may have been for crime; it may have been for benevolence. The remark conveys the impression that its basis was something that had occurred during the proceedings. If so that fact and its bearing were best known to the trial judge and we must leave the matter in his discretion. If otherwise possibly prejudicial in the slightest degree it is sufficiently disposed of by the court's instruction No. 19 directing the jurors to disregard all such remarks.

10. As a part of the court's judgment it was ordered "that the sentence herein shall run consecu-

tively with the sentence imposed upon the said defendant Clyde Smaldone in cause numbered 33,454 of this Court." It is contended this sentence is void for uncertainty, no definite time of commencement or completion being fixed.

This sentence, four to six years, was pronounced July 7, 1937. No objection was then raised and the record discloses no attempt by defendant's counsel to have it corrected. Its error, if any, may depend upon the status of said No. 33,454. We are told by counsel that the last mentioned case is now here on error and that it is No. 14,231 on our docket. By reference thereto we learn that defendant had therein been sentenced on the same day by the same judge to seven to ten years on the first count of an information, and, in a separate judgment, to five to seven years on the second count of the same information, and that it was ordered in each that it run concurrently with the other. Counsel cite *Picket v. State,* 22 O. St. 405, 411, and *Wallace v. State,* 41 Fla. 547, 26 So. 713. On the insufficiency of the sentence these seem to support them, but they are difficult to reconcile with *In Re Packer,* 18 Colo. 525, 33 Pac. 578 wherein this court quotes with approval from *Kite v. Commonwealth,* 11 Met. (Mass.) 581. In this jurisdiction it is well settled that material errors in sentence call only for remand for a new and correct sentence. 16 C. J., p. 1315, §3098; *Bradford v. People,* 22 Colo. 157, 43 Pac. 1013. Defendant's counsel insist that the sentence is so indefinite as to be void. This is immaterial. If void he simply stands convicted and unsentenced, and since he made no objection at the time and no effort to correct the error he has waived it.

In the present case, however, no difficulty can arise. Execution has been stayed in said No. 14,231 with the consent of the Attorney General and that cause is not yet at issue here. When this defendant, under the present sentence, is delivered to the warden of the penitentiary he will have no record of any other and the sentence will

of necessity begin at that time, and the date of its termination is fixed by the mittimus. *Bradford v. People, supra.*

The judgment is affirmed.