No. 15,324.

ABEYTA ET AL. *v.* THE PEOPLE.

(145 P. [2d] 884)

Decided January 24, 1944.

Mr. E. V. HOLLAND, for plaintiffs in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. WALLACE S. PORTH, Assistant, for the people.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

A CRIMINAL information was filed in the district court against the four plaintiffs in error, hereinafter designated as defendants, charging them in the first count with forcible rape, in the second count with assault to commit rape, and in the third count, with kidnapping. Upon trial the jury returned verdicts finding each defendant guilty of rape and kidnapping, and not guilty of attempt to commit rape. Following the overruling of motions for new trial, judgment of conviction was entered and separate sentences to the penitentiary for rape and kidnapping, to run concurrently, were imposed. The four defendants here seek a reversal of the judgment.

The specifications of error principally stress the question of whether punishment may be decreed properly for both the rape and kidnapping offenses upon the theory, as said, that the evidence showed no more than a single continuous act for which only one penalty might be imposed, and also whether in the circumstances here disclosed, the two counts involved rightly might be joined in the same information.

For the reasons hereinafter given, we are satisfied that irregularities in connection with the sentences imposed for the kidnapping offense require the deferment of consideration of the specifications of points presented until sentences within the limits fixed by the controlling statute are pronounced by the trial court.

On the rape conviction defendants were sentenced to imprisonment as follows: Joe Tafoya, twenty years to life; Roger Abeyta and Tom Tafoya, thirty years to life and Sam Abeyta thirty-five years to life. For the kidnapping offense, Sam Abeyta was given forty years to life and the other three defendants from thirty-five years to life.

In pronouncing the sentences for kidnapping, the trial court apparently proceeded under the provisions of chapter 131, S.L. 1937, without noticing that the 1937 law had been amended in 1939 (S.L. 1939, p. 319, §1), so as to fix the maximum penalty for the offense in-

volved in the case at bar at thirty years imprisonment in the penitentiary. This circumstance is not mentioned in the specifications of points nor in the briefs of counsel, but appears definitely and certainly from an examination of the record and statutes. The presently effective statute defining the crime of kidnapping was adopted in 1933 (S.L. 1933, p. 423, §1), which appears in '35 C.S.A. as section 77, article 4, chapter 48. Covering different contingencies, the section comprises five subdivisions, numbered from 1 to 5 inclusive. The penalty-provision of the original act (section 2 thereof) appears as section 78, article 4, chapter 48, '35 C.S.A. In 1937, by chapter 131, S.L. 1937, section 78, supra, was amended so as to provide for different penalties, and in 1939 (S.L. 1939, p. 319, §1), the 1937 act again was amended with respect to penalties for the violation of section 77, supra. The 1939 amendment, which was in force at the time of the alleged commission of the kidnapping here involved and at the time of the conviction therefor, appears as section 78, chapter 48, 1942 Cumm. Supp. to '35 C.S.A.

The kidnapping count of the information herein, alleged in combination elements of the crime denounced by subdivisions 1 and 2 of section 77, supra, and the jury properly was instructed to this effect. Under subdivision (c) of section 1 of the controlling 1939 act, supra, the maximum sentence which might be imposed lawfully for an offense arising under subsections 1 or 2, section 77, supra, was fixed at "imprisonment in the penitentiary for not more than thirty years." It thus is evident that the sentences imposed by the district court upon defendants under the kidnapping count were in excess of any permitted by law.

██ ██ In *Martin v. District Court*, 37 Colo. 110, 86 Pac. 82, 119 Am. St. Rep. 262, we held that where a judgment sentencing one convicted of crime is merely excessive and the court which pronounced it is one of general jurisdiction, the sentence is not void in toto because of the excess, but is good so far as the power of the

court extends, and is invalid only as to the excess. This ruling is in accord with the weight of authority. 24 C.J.S., p. 112, §1584. Under this doctrine, upon a determination that the record is free from reversible error, it would seem that we might remit the invalid excess and so reduce the sentences to a thirty-year term, which the district court had authority to impose. (As to the power of reviewing courts in such cases, see 24 C.J.S., p. 1119, §1950 (2)). However, in the case at bar such action would result in a definite sentence on the kidnapping charge, which, while possibly not void under section 546, chapter 48, '35 C.S.A., at least would be inconsistent with the system of indeterminate sentences provided by section 545, chapter 48, '35 C.S.A., generally followed in this jurisdiction. Also, in such event, some controversy as to the computation of the terms of imprisonment might arise under the concurrent serving of indeterminate sentences for rape with definite ones for kidnapping. In the light of these circumstances, as well as the nature of the specifications of error advanced, and in the interest of orderly procedure, we have concluded that the cause should be remanded to the district court for the imposition of a proper sentence for the kidnapping offense within the limits of the applicable statute hereinabove mentioned.

Therefore, it is ordered that the cause be, and the same hereby is, remanded to the district court for the prompt imposition of a proper sentence in accordance with the views herein expressed, and that the record as corrected again be certified to this court, following which, consideration will be given to defendants' specification of points.