No. 17,489.

Norman Earl Miles v. The People of the State of Colorado.

(282 P. [2d] 1096)

Decided April 25, 1955.   Rehearing denied May 16, 1955.

Virginia Malloy, Mr. Gordon C. Smith, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank A. Wachob, Deputy Attorney General, Mr. Norman H. Comstock, Assistant Attorney General, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiff in error, to whom we will hereinafter refer as defendant, was accused jointly with Calvin LeRoy Overby in a two-count information charging aggravated robbery and conspiracy to commit robbery. He was tried separately and convicted on both counts of the information. After motion for a new trial was overruled, he was sentenced to the state penitentiary for a term of not less than fifteen years, to life. This judgment was pronounced July 9, 1954, and on September 10, 1954, a supplemental motion for new trial, based upon newly discovered evidence, was filed. This motion was denied September 16, 1954, and defendant, seeking reversal of the judgment, brings the cause to this Court for review by writ of error.

Generally, the facts disclosed by the record in this case are as follows: One Ralph Whittaker on December

20, 1953, operated a pharmacy in Denver, and at about 7:00 o'clock in the evening a man came into his store and ordered a package of cigarets. He drew a gun as the cigarets were handed to him and demanded the money from the cash register, whereupon Whittaker gave him the contents of the register which amounted to $185.00, and the bandit left. As he was departing Jerry Vaughan, a fourteen-year old boy, entered the store and observed that a car was parked across the street and that the bandit got into it and drove off. He was unable to identify the man who came out of the store and entered the car.

February 17, 1954, Calvin LeRoy Overby, who had theretofore been arrested by a deputy sheriff of Adams county, was questioned by Denver police officers. After this questioning defendant was arrested and thereupon both he and Overby confessed that they had perpetrated numerous holdups including the robbery of Mr. Whittaker. In the presence of defendant, Overby signed a written confession admitting that he was the man who robbed Whittaker and implicating defendant as the driver of the car; defendant signed a written confession admitting participation in the Whittaker robbery; a separate confession bearing the signatures of both defendant and Overby was signed in which they admitted staging seven other armed robberies between December 15, 1953, and January 12, 1954; and all three documents were admitted in evidence. Upon the trial, defendant repudiated the confessions signed by him and denied participation in the robberies. He offered alibi witnesses in the persons of Mrs. Gildersleeve, Gertrude East and Charles Summerville, who asserted that at the time of the perpetration of the crime on the evening of December 20, 1953, defendant was at the Gildersleeve home in south Denver with one Helen Nicholson and her child, and that they drove around the city looking at the Christmas lights until about 11:00 or 11:30 o'clock P.M.

As grounds for reversal of the judgment counsel for

defendant argue that error was committed in admitting the confessions of defendant in evidence, for the reason that they were not voluntarily made; that evidence of offenses other than that charged in the information was improperly admitted; that the court erred in refusing to give an instruction tendered by counsel for the defendant dealing with the subject of criminal conspiracy; that the verdicts of the jury are unsupported by the evidence; and that the trial court erred in denying defendant's motion for new trial based on newly discovered evidence.

Questions to be Determined.

First: *Were the confessions by defendant voluntarily made?*

This question is answered in the affirmative. Following the procedure many times outlined by this Court, the trial court, in the absence of the jury, heard testimony on the question as to whether the confessions of defendant were voluntarily made. Defendant admitted signing the confessions, but claimed that he did so involuntarily because he had not been given any food except a cup of coffee for breakfast since his arrest; that he had been questioned for about two hours, and the police officers threatened to show him how "tough" they could get; that they threatened to get his girl friend and bring her to police headquarters; that they further threatened to take her baby away from her and put it in the hospital; and that after these alleged threats were made he agreed "to go along with them." Evidence of police officers was to the effect that no threats were made and that the statements of defendant were freely and voluntarily given.

The trial court admitted the confessions in evidence and properly instructed the jury on the law applicable to the questions presented. The procedures outlined by this Court in *Downey v. People,* 121 Colo. 307, 215 P. (2d) 892, were followed. In the Downey case we said: "Whenever there is evidence, not sufficient to require exclusion of the alleged confession, but sufficient to raise

a question as to the weight to which it is entitled at the hands of the jury, the court must refer the question of the voluntarity of the confession to the jury under proper instructions." In the instant case the jury found that the confessions were voluntarily made and there was an abundance of evidence to support that finding.

Second: *Did the trial court commit error in receiving in evidence the joint confession of defendant and Overby for the reason that it contained evidence of several crimes other than the one charged in the information?*

■ This question is answered in the negative. The record in this case shows that the only objection made to the introduction of the joint confession was, "on the ground that it is a completely involuntary statement on the part of the defendant." No objection was made on the ground that the statement contained evidence of similar crimes by defendant. No objection was made to Instruction No. 11 given by the court which limited the consideration which the jury might give to such evidence. By this instruction the jury was informed that evidence of similar offenses was admissible "only as bearing upon the question of whether or not the defendant had a plan or design to produce a result of which the act charged in the information was a part, and you can consider such evidence for no other purpose." The attention of the trial court was not called to the point that evidence of similar offenses was objectionable, upon which, argument is made for the first time in this Court; however, assuming for the purpose of argument, that a proper objection had been made, the evidence clearly was admissible for the reasons fully discussed in *Schneider v. People,* 118 Colo. 543, 199 P. (2d) 873.

Third: *Did the trial court err in refusing to give an instruction tendered by counsel for defendant on the subject of conspiracy?*

This question is answered in the negative. Counsel for defendant tendered an instruction in the following form:

"You are instructed that a conspiracy is a common

design or agreement by and between two or more persons to accomplish or commit a crime.

"To convict the defendant of the crime of conspiracy at least three material elements must be proved to your satisfaction beyond a reasonable doubt. The first of these is that there must be a combination of two or more persons. The second essential is the existence of an unlawful purpose to be accomplished. The third essential element is that there must be a real agreement, combination or confederation with a common design; mere passive cognizance of the unlawful act or crime or mere negative acquiescence is not sufficient.

"You are further instructed that there must be evidence the defendant wilfully and with a guilty knowledge of the corrupt purpose entered into the conspiracy.

"The existence of the agreement or joint assent of the minds need not be proved directly, but may be inferred by the jury from the facts proved."

In Instruction No. 9 given by the court, it properly defined the crime of conspiracy, and no objection was made to the giving of that instruction. No error was committed in refusing the instruction tendered by counsel for defendant, for the reason that the subject was thoroughly covered by the one given, to which no objection was assigned by defendant's attorneys; furthermore, any possible error in refusing to give the tendered instruction could not be prejudicial because, for some reason not apparent from the record, no sentence or judgment was pronounced on the conspiracy count. The jury returned verdicts of guilty on the count charging aggravated robbery and conspiracy to commit robbery, but only one sentence was imposed and the minimum term thereof was fifteen years. This sentence is for a longer term than could have been adjudged on the conspiracy count, for which the maximum penalty provided by statute is ten years. The term to which he actually was sentenced is well within the penalty provided for aggravated robbery; it therefore is obvious that the

sentence, being in excess of that authorized for conspiracy and within the limits of the sentence provided for aggravated robbery, was imposed on the verdict of guilty of aggravated robbery. The situation is identical with that in which two sentences are imposed to run concurrently. This Court has held that, although there be two or more convictions, if there be but one valid sentence imposed the defendant is not prejudiced, and reversible error does not exist. *Clarke v. People,* 53 Colo. 214, 125 Pac. 113; *Abeyta v. People,* 112 Colo. 195, 147 P. (2d) 481.

Fourth: *Did the trial court err in denying defendant's supplemental motion for new trial based upon the grounds of newly discovered evidence?*

█ This question is answered in the negative. The defense of defendant was an alibi. He testified, as did three other witnesses, that he was not at the scene of the crime, but was at the time of its commission driving about the city looking at the Christmas lights. The alleged newly discovered evidence upon which he sought a new trial was cumulative. The following quotation from the opinion of the court in *Gasper v. People,* 83 Colo. 341, 265 Pac. 97, is applicable to the instant case:

"It is clear, from an examination of the transcript, that the matters presented in the motion and affidavit for a new trial did not constitute newly discovered evidence, but related to alleged facts, about which defendant himself gave testimony upon the trial. The proposed witness, and the evidence which the defendant said the witness would give upon a new trial, was all within the knowledge of the defendant before the trial. This proposed evidence did not constitute newly discovered evidence. The remedy of defendant, if any, was a motion for continuance. The showing made by the defendant, on the grounds of newly discovered evidence, was insufficient. It was bad on its face.

" 'Motions for new trials, based upon newly discovered evidence, are regarded with suspicion and disfavor, and

are left to the sound discretion of the trial judge whose action in denying such motions will not be reversed except for gross abuse of discretion.' *Sebold v. Rieger,* 26 Colo. App. 209, 142 Pac. 201."

The judgment is affirmed.